Cristofaro Dimaio et ux
vs.                        Eq.No.8111
Angelo Ranaldi et ux

RESCRIPT

April 29, 1927

BAKER, J.  Final hearing.

This bill is brought primarily to establish the true boundary line between adjoining parcels of land owned by the respective parties, and for other relief in connection therewith.

It appears from the evidence that the litigants are land owners on Carpenter street in the city of Providence and that there has been for some time between their respective properties a fence. The testimony shows that recntly the respondents took down a portion of this fence and began to erect a new fence on a line, which at the street frontage of the complainants' property was about a foot nearer to the latter's house and at the rear about eighteen inches.

The complainants have owned and been in occupation of their premises about eight years and the respondents bought some time thereafter.

The complainants urge that their property extends to the place where the fence has always stood, and claim that, even if the strict reading of the calls in their deed does not carry them quite to this fence, said fence has for many years been the division line between the properties in question, and further that they are entitled by adverse possession to claim to the old fence line.

The respondents, on the other hand, argue that the fence as it stood was not a division fence; that there is nothing ambiguous or uncertain in the complainants' deed, and that survey shows that the true line between the properties is the line upon which they now propose to erect the new fence.

The material portion of the description of the property conveyed to complainants in their deed reads substantially as follows:

"Thence turning and running in an easterly direction . . . a distance of 35.09 feet more or less to land now or formerly of Maria G. Tillinghast, thence turning and running in a southerly direction bounding easterly on said land of Maria G. Tillinghast a distance of 100.25 feet to the northerly line of Carpenter Street . . ."

It also appears from the deed that the frontage of the complainants' lot on Carpenter street is 45.09 feet more or less. The property referred to as belonging to Tillinghast is now the respondents'.

The testimony in the case shows clearly that if the distances and the calls in the complainants' deed are strictly followed, then the true and correct line between the two parcels of property is that upon which the respondents are now proposing to erect the new fence. See Complainants' Exhibit B. In this connection, however, it may be noted that following the distance at the front and rear of complainants' lot of 35.09 feet are the words, "more or less," and there is some question in the Court's mind whether this phrase can not be given a construction helpful to the complainants. Note the reference to the case of Hall vs. Eaton, 139 Mass. 217, in the case of Co-operative Building Bank vs. Hawkins, 30 R. I., at page 185.

The respondents contend that the only question before the Court is on the construction of the language of the description in the complainants' deed, and refer in particular to the cases of Segar vs. Babcock, 18 R. I. 203, and Co-operative Building Bank vs. Hawkins, supra.

If this were the only question raised by the pleadings and by the evidence then the Court would be inclined to think that perhaps the respondents' position would be sound.

The complainants, however, urge upon the Court the matter of adverse possession, and the fact that the old fence was a division line fence long acquiesced in, as controlling questions, rather than the joint relating to the strict construction of the language of their deed, or taking under the deed.

On the matter of adverse possession, while it is clear that for many years the complainants and their predecessors in title have been openly occupying and using the premises up to the line where the fence originally stood, nevertheless there is not in the case much evidence to prove satisfactorily that any such occupation or user was adverse to the respondents or to their predecessors in title. Further, the propriety of tacking possessions to acquire the necessary statutory period raises a doubtful question. If the case of the complainants rested on this ground alone, the Court has serious doubt whether they should prevail.

The real issue presented herein would seem to be the question as to whether or not the old fence was in the nature of a division fence long acquiesced in by the owners of the respective properties.

In support of this contention the complainants say that the case at bar falls within the rule of law set out in O'Donnell vs. Penney, 17 R. I. 164, followed thereafter in the case of Faulkner vs. Rocket, 33 R. I. at page 174. See also 5 Cyc, p. 942.

It seems well settled that where the boundary line between adjacent lands is in dispute or uncertain the owners may establish by agreement a division line, and if such agreement is immediately put into effect, then it becomes binding and conclusive though it may later appear that it is not the true line according to the paper title. Such an agreement does not pass any real estate but merely defines the line. It is further held that even when no express agreement is shown, that acquiescence in a boundary line established for a period equal to that prescribed in the statute of limitations is conclusive evidence of such an agreement.

The complainants urge that this is the situation before the Court. No express agreement is shown, but one is conclusively presumed. The claiming up to the line of the old fence is not a taking under the strict language of the deed unless the words "more or less" can be construed to bring about that result, but the right to take and occupy up to the line of the fence as originally set out is because of the acquiescence for a long period of time in that line as the proper boundary line between the two parcels. It is not necessary that the fence be specifically referred to in the deed.

The evidence produced on behalf of the complainants showed beyond dispute, in the opinion of the Court, that the fence as it originally stood had remained unchanged and unmoved, except for certain repairs, for a period of certainly well over 20 years and possibly as long as 35 or 40 years.

While the respondents attempt to question the general veracity and the memory of the complainants' witnesses on this point, the Court sees no reason to doubt the general accuracy of their testimony. The respondents produced no evidence whatever in contradiction. This being the case, and the Court being satisfied that the old fence stood unchanged for considerably over 20 years, and well over the period prescribed in the statute of limitations, the Court is of the opinion that the general principles of law set out in the case of O'Donnell vs. Penney, supra, are more applicable to the situation in the case at bar than are the discussions relating to the construction of deeds referred to in the cases cited by the respondents.

It appears to the Court, therefore, that though the evidence here shows

no express agreement by the owners of the two adjoining parcels in dispute as to the boundary line, the fact that the old fence remained and was acquiesced in for so long a time as the boundary line between the parcels constitutes conclusive evidence of such an agreement, and precludes the parties from claiming that the line so acquiesced in is not the true boundary. The Court finds that the old fence line is the true boundary line between the properties of the respective parties, and that the complainants are entitled to the relief asked for in their bill in relation to the restoring of the fence on the old division line, and to a permanent injunction enjoining any further interference therewith.

The prayers of the complainants' bill are granted.

For Complainants: Pettine, Godfrey & Cambio.

For Respondents: DePasquale & Turano.